UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-129 (ECT/SGE)

UNITED STATES OF AMERICA,

               Plaintiff,

v.

ALEX MISAEL HUERTA-SANCHEZ,

               Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and the defendant, Alex Misael Huerta-Sanchez, agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the U.S. Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other U.S. Attorney's Office or any other federal or state agency.

1.    **Charges.** The defendant agrees to plead guilty to Count One of the Indictment, which charges the defendant with Attempted Enticement of a Minor, in violation of 18 U.S.C. U.S.C. § 2422(b). The defendant fully understands the nature and elements of the crime charged.

Upon imposition of sentence, if there are remaining counts, the Government agrees to move to dismiss those remaining charges against the defendant contained in the Indictment.

1

2.    **Factual Basis.** The defendant is pleading guilty because they are in fact guilty of Count One of the Indictment. In pleading guilty, the defendant admits the following facts and that those facts establish their guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the U.S. Sentencing Guidelines:

In March 2025, law enforcement initiated an undercover operation to identify individuals who try to engage in commercial sex with minor girls. As a part of this operation, law enforcement created an online persona, "Kenzi," and set up an online advertisement purportedly offering commercial sex in Bloomington, Minnesota. The advertisement stated Kenzi was 18 years old and contained a phone number that individuals could contact to arrange commercial sex.

From March 12 to 14, 2025, Defendant Alex Misael Huerta-Sanchez discussed engaging in commercial sex. During the conversation, Kenzi told the defendant that she was only 17 years old. The defendant and Kenzi agreed the defendant would meet at Kenzi's residence in Bloomington and would pay Kenzi $120 for one half hour of commercial sex. Shortly thereafter, the defendant arrived the residence with $2,600 in cash and the phone the defendant used to communicate with Kenzi, and law enforcement executed an arrest.

2

If the sexual activity had occurred, the defendant could have been charged with a criminal offense under the laws of Minnesota; namely, Prostitution-Actor Hires or Agrees to Hire and Reasonably Believes Under 18 But At Least 16, in violation of Minnesota Statute 609.324.1(c)(3).

3. **Waiver of Pretrial Motions.** The defendant understands and agrees that the defendant has certain rights to file pre-trial motions. As part of this plea agreement and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The defendant agrees that, by pleading guilty, they are withdrawing any motions previously filed.

4. **Waiver of Constitutional Trial Rights.** The defendant understands that they have the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that they have the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent them. The defendant understands that they have the

3

right to persist in a plea of not guilty and, if they do so, they would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5.    **Additional Consequences.** The defendant understands that as a result of this conviction, the defendant could experience additional collateral consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office. If the defendant is not a U.S. citizen, as a result of a plea of guilty, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant has discussed with their attorney the punishments and consequences of pleading guilty, understands that not all of the consequences can be predicted or foreseen, and still wants to plead guilty in this case.

6.    **Judicial Order of Removal.** The defendant and the United States jointly request that the Court, after imposing a sentence, order the defendant be removed from the United States to Mexico or to any other country according to the applicable laws and regulations of the United States, so that promptly upon the defendant's satisfaction of the defendant's federal sentence, U.S. Immigration and Customs Enforcement may execute the order of removal

4

according to the applicable laws and regulations. The defendant agrees that the defendant is removable under the immigration laws of the United States and waives the right to notice and a hearing prior to removal. The defendant further agrees pursuant to 8 U.S.C. §§ 1228(c)(5) and 1227 to enter into and agree to a stipulated request for judicial removal seeking a judicial order of removal from the United States. The defendant understands that pleading guilty and being ordered removed from the United States will have consequences with respect to the defendant's immigration status, including the ability to apply for admission into the United States in the future. Regardless of any immigration consequences that may follow from this guilty plea, even removal and a permanent bar from the United States, the defendant still wishes to plead guilty as set forth in this agreement.

7.    **Sex Offender Registration.** The defendant understands that by pleading guilty, the defendant will likely be required to register as a sex offender upon release from prison as a condition of their supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, the defendant may be subject to federal, state, and/or tribal sex-offender registration requirements and that those requirements may apply throughout the defendant's life. *See* 18 U.S.C. § 2250, 34 U.S.C. § 20901, *et seq.*

8.     **Statutory Penalties.** The defendant understands that Count One of the Indictment, charging Attempted Enticement of a Minor, in violation of 18 U.S.C. U.S.C. § 2422(b), is a felony offense that carries the following statutory penalties:

   a.     a mandatory minimum of 10 years in prison;

   b.     a maximum of life in prison;

   c.     a supervised release term of at least 5 years up to a maximum supervised release term of life;

   d.     a maximum fine of $250,000; and

   e.     a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A).

9.     **Guidelines Calculations.** The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the U.S. Guidelines in determining the appropriate sentence. The parties stipulate to the following Guidelines calculations:

   a.     <u>Base Offense Level</u>. The parties agree that the base offense level is 28. USSG §2G1.3(a)(3).

   b.     <u>Specific Offense Characteristics</u>. The parties agree that the offense level should be increased by 2 levels because the offense involved the use of a computer or an interactive computer service to (A) persuade, induce, and entice the

minor to engage in prohibited sexual conduct; and (B) entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with the minor. USSG §2G1.3(b)(3).

The parties agree that the offense level should be increased by an additional 2 levels because the defendant will be convicted under 18 U.S.C. § 2422(b) and the offense involved a commercial sex act. USSG §2G1.3(b)(4)(ii).

The parties agree that no other specific offense characteristics apply.

c.    Chapter 3 Adjustments. The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply.

d.    Acceptance of Responsibility. The Government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility pursuant to USSG §3E1.1(a). As the defendant has timely notified the Government of the defendant's intention to enter a plea of guilty, the Government agrees to recommend that the defendant receive an additional 1-level reduction pursuant to USSG §3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the Government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the U.S. Probation Office in the presentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

Nothing in this agreement limits the right of the Government, pursuant to USSG §3E1.1 and/or §3C1.1 to seek denial of a reduction for acceptance of responsibility or an adjustment for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility.

e.  <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category I. USSG §4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the presentence investigation report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within their criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on their true criminal history category and will not be permitted to withdraw from this Plea Agreement. USSG §4A1.1.

While sentences resulting from foreign convictions are not counted, they may be considered under USSG §4A1.3 (Adequacy of Criminal History Category).

f.  <u>Guidelines Range</u>. If the adjusted offense level is 29, and the criminal history category is I, the Sentencing Guidelines range would be 87-108 months of imprisonment.

However, because the mandatory minimum sentence is 120 months of imprisonment, if the adjusted offense level is 29, and the criminal history category is I, the restricted Guidelines range is **120 months of imprisonment**.

The defendant understands that, regardless of the Guidelines range, the statutory mandatory minimum sentence in this matter is 10 years (120 months) of imprisonment.

g.  <u>Fine Range</u>. If the adjusted offense level is 29, the Sentencing Guidelines fine range is $30,000 to $300,000. USSG §5E1.2(c).

h.  <u>Supervised Release</u>. The Sentencing Guidelines term of supervised release is 2 years to life. USSG §5D1.2.

10. **Revocation of Supervised Release.** The defendant understands that if the defendant were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* USSG §§7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

11. **Discretion of the Court.** The foregoing stipulations are binding on the parties but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and that their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also vary and/or depart from the applicable Guidelines range. If the Court determines that the applicable Guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

12.    **Agreements as to Sentencing Recommendation.** The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make motions for departures under the Sentencing Guidelines or for variances pursuant to 18 U.S.C. § 3553(a) and to oppose any such motions made by the opposing party. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw their guilty plea.

13.    **Special Assessments.** The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to USSG §5E1.3. The defendant agrees to pay the special assessment.

14.    **Forfeiture.** The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 2428(a), any property, real or personal, used or intended to be used to commit or to facilitate the commission of Count One, and any property, real or personal, constituting or derived from any proceeds that the defendant obtained, directly or indirectly, as a result of such violation.

The defendant agrees that the property subject to forfeiture includes, but is not limited to, the $120 in U.S. currency and Android cell phone recovered by law enforcement during a search of the defendant's person on March 14, 2025. The defendant agrees that these items are subject to forfeiture because they were used to commit or facilitate the commission of Count One of the

Indictment. The United States reserves the right to seek forfeiture of substitute assets and to forfeit additional directly forfeitable property. The defendant waives any right to the return of any digital data contained on the electronic devices that are subject to forfeiture.

The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest the defendant may have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and waives any right to contest or challenge in any manner (including direct appeal, habeas corpus, or any other means) such forfeiture on any grounds. To the extent the defendant has sought remission or otherwise challenged the forfeiture of the above-described property, the defendant withdraws any such challenges.

15. **Waivers of Appeal and Collateral Attack.** The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes but is not limited to the defendant's waiver of the right to appeal guilt or innocence, any issues relating to the change-of-plea proceedings, the sentence imposed, the Guidelines calculations, any restitution obligations, and the constitutionality of the statutes to which the defendant is pleading guilty.

The defendant also waives the right to collaterally attack their conviction and sentence under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. Further, this collateral-review waiver does not operate to waive a collateral challenge under 28 U.S.C. § 2255 based on new legal principles enunciated in Supreme Court case law decided after the date of this Plea Agreement that are both substantive and have retroactive effect. For purposes of this provision, legal principles that are substantive and retroactive are those that narrow the reach of the offense of conviction and render the defendant's conduct non-criminal or that render the sentence imposed illegal.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

16. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

17. **Complete Agreement.** This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant. By signing this plea agreement, the defendant acknowledges: (a) that the defendant has read the entire agreement and has reviewed every part of it with the defendant's counsel; (b)

that the defendant fully understands this plea agreement; (c) that no promises, agreements, understandings, or conditions have been made or entered into in connection with their decision to plead guilty, except those set forth in this plea agreement; (d) that the defendant is satisfied with the legal services and representation provided by defense counsel in connection with this plea agreement and matters related to it; (e) that the defendant has entered into this plea agreement freely, voluntarily, and knowingly; and (f) that the defendant's decision to plead guilty in accord with the terms and conditions of this plea agreement is made of the defendant's own free will.

DANIEL N. ROSEN
Acting United States Attorney

Date: 10.27.2025

BY:    Matthew D. Evans
Assistant United States Attorney

Date: Alex Huerta Sanchez

10/27/25
Alex Misael Huerta-Sanchez
Defendant

Date: 10/27/25

Matthew Deates
Counsel for Defendant